NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| GEORGE DAVID LANGLEY, JR. | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-631-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES SAMUELS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

George David Langley ("Langley"), a *pro se* petitioner, is incarcerated at the Federal Correctional Institution in Manchester, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

On June 18, 1996, Langley was convicted by a jury of being a felon in possession of a firearm under 18 U.S.C. §922(g)(1) and under 18 U.S.C. §924(e)(1) for being an armed career criminal. *United States v. Langley*, 96-CR-95, Middle District of North Carolina [Record No. 21]. In his petition, Langley admits his guilt on the first charge, but asserts that his conviction under § 924(e)(1) must be vacated because two of his prior state criminal convictions were not "violent offenses" under North Carolina law and, therefore, do not qualify as predicate offenses for the § 924 conviction.

In support of his position, Langley includes as an exhibit a June 5, 2001, letter from North Carolina Superior Court Judge Robert H. Hobgood of the Ninth Judicial District. The letter states that Langley pled guilty to two counts of felonious breaking and entering and two counts of felonious larceny in Files Number 92 CRS 3753 and 92 CRS 3754. Judge Hobgood states that "these charges are not considered to be violent under North Carolina law." Petitioner also asserts that, under *Shepard v. United States*, 544 U. S. 13 (2005), the trial court was limited in the sources of evidence that it could consider to make that determination of North Carolina law. Petitioner does not expressly assert that the federal trial court used evidence outside the bounds of that permitted under *Shepard*, but rather asserts that the trial court failed to consult North Carolina law to ensure that his 1992 North Carolina convictions were valid predicate offenses for his § 924(e)(1) conviction.[1] The Petitioner indicates that he has filed prior unsuccessful

---

[1] The Petitioner also asserts that the trial court was required to find each of his predicate offenses was a violent felony beyond a reasonable doubt, presumably under *Apprendi. v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* itself forecloses any such argument, *Id*. at 490 ("*other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") (emphasis added), and it has been routinely rejected by the various courts of appeal that have considered the

motions to vacate his sentence under 28 U.S.C. §2255 in the trial court raising *Blakley* and *Booker* issues, and with the Fourth Circuit raising *Shepard* issues. The Petitioner asserts that he may proceed under § 2241 because *Shepard* announced a new statutory interpretation of § 924(e)(1), and thus his claim is one of "actual innocence" to fall within the savings clause of Section 2255.

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Langley challenges the legality of his conviction, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255. However, because Langley asserts that he is "actually innocence" [sic] of the offense, it appears that he is seeking to invoke this Court's jurisdiction under § 2241 through the "savings clause" of § 2255 by asserting that his remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255, ¶ 5. Because it is evident from the Court's review of the record in Langley's prior legal proceedings that he has presented this claim in prior post-conviction motion under § 2255 and has been denied relief, the Court must determine whether his remedy under § 2255 is "inadequate or ineffective" before he is entitled to its consideration of his claims on the merits.

---

issue. *See, e.g.*, *Sterling v. United States*, 283 F.3d 316, 220 (4th Cir. 2002) (holding that *Almendarez-Torres v. United States,* 523 U.S. 224 (1998) had "survived *Apprendi* intact.").

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that § 2241 is not a "catch all" remedy, but is available only upon the Petitioner's demonstration that his § 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

The "intervening change in the law" upon which Langley seeks to invoke this Court's habeas corpus jurisdiction under § 2241 is the Supreme Court's recent decision in *Shepard v. United States*, 544 U. S. 13 (2005). Fifteen years before its decision in *Shepard*, the Supreme Court held that in order for a prior burglary conviction to qualify as a predicate offense under § 924(e)(1), the state or federal conviction must be for "generic burglary," meaning "an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The *Taylor* court also determined

4

that, in cases where the defendant's prior burglary conviction was under a statute with a definition of burglary encompassing a broader locus of conduct than proscribed as "generic burglary," the federal trial court must determine whether the defendant's conviction was, in fact, for "generic burglary" by reviewing the statutory elements of the offense, the information or indictment, and the jury instructions. *Id*. at 602. In *Shepard*, the Supreme Court clarified its holding in *Taylor* by addressing factual scenarios absent in *Taylor*: cases tried without a jury and where the defendant pleaded guilty. In each case, the federal trial court must refer to documents of analogous solemnity to those sanctioned in *Taylor*: in the former case, upon the judge's findings of fact and conclusions of law; in the latter case, upon a written plea agreement, a transcript of the plea colloquy, or findings of fact adopted by the defendant upon entering the plea. *Shepard*, 125 S.Ct. at 1259-60.

Read properly, neither *Taylor* nor its successor *Shepard* addresses or narrows[2] the range of conduct deemed in violation of a criminal statute. Rather, they address what *evidence* a federal trial court may consider in determining whether a defendant's prior conviction of a particular criminal statute constitutes a predicate offense under Section 924(e)(1). Or, in the language of *Bousley v. United States*, 523 U.S. 614 (1998), *Shepard* does not provide Langley with an avenue of relief under § 2241 because nothing in *Shepard* "necessarily carr[ies] a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" *Id*. at 620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). Langley's

---

[2] As noted above, *Shepard* did not narrow the evidence that may be considered under *Taylor* and *Almendarez-Torres*; rather, because of *Apprendi* concerns, it declined the United States' invitation to expand the range of evidence that may be considered to determine if defendant was convicted of "generic burglary" for purposes of § 924.

claims are therefore not claims of "actual innocence" – even if true, Langley was not convicted of conduct that is not criminal in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.")

Even if the Court could reach the merits of Langley's claims, they would fail. First, Langley includes a copy of a letter from a state court judge in North Carolina which indicates that the crimes for which he was convicted in 1992 are not considered "violent crimes" under federal law. However, the direct holding of *Taylor* is that federal, not state, law determines whether the elements of a predicate offense constitute a "violent crime" for purposes of Section 924(e)(1). *Taylor v. United States*, 495 U.S. 575, 592 (1990) ("burglary' in §924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes.") The Supreme Court in *Taylor* determined that "burglary" as a predicate offense for Section 924(e)(1) would be satisfied by any state or federal conviction for "generic burglary," meaning an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." While the elements of the state criminal statute will supply the information necessary for the federal trial court to determine whether this definition is satisfied, the ultimate characterization of the state crime as a "violent offense" for Section 924(e)(1) purposes is an exclusively federal one. *Id*. at 599. In Langley's case, the trial court had ample reason to conclude that Langley's two convictions for felonious breaking and entering and two

convictions for felonious larceny satisfied the basic requirements of an unprivileged entry into a structure with the intent to commit a crime therein.

Second, even if *Shepard* did constitute a new and narrower interpretation of the conduct proscribed by 28 U.S.C. §924(e)(1), Langley's reliance is misplaced because he does not contend that the federal trial court looked to evidence prohibited by *Shepard* to establish that his predicate offenses were "violent felonies." Rather, Langley asserts that the trial court should have reviewed and correctly interpreted the elements of his breaking and entering and larceny offenses under North Carolina law. This was, of course, the approach sanctioned long before either *Taylor* or *Shepard* were decided. Therefore, even if, as Petitioner contends, the trial court did incorrectly interpret the elements of these North Carolina offenses as satisfying the "violent offense" predicates for a Section 924(e)(1) conviction, this failure was an issue for review on direct appeal. It is not a new-found avenue of relief that is dependent on *Shepard* for its existence. Thus, even if *Shepard* had announced a new and narrower interpretation of a criminal statute, Langley does not rely upon that new interpretation to establish his "actual innocence," and habeas corpus relief under § 2241 is unavailable. Because the claims in Langley's habeas corpus petition do not present a facially-valid claim that he is actually innocent of the offense charged, the savings clause of § 2255 does not permit him to pursue this claim in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## **CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Langley's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 10th day of February, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge